On petition for rehearing submitted January 28, petition denied March 19, 1985

BANK OF OREGON et al,
*Respondents on Rehearing,*

*v.*

INDEPENDENT NEWS, INC. et al,
*Petitioners on Rehearing.*

(CA A24067; SC S30174)

696 P2d 1095

Bruce E. Smith, Eugene, submitted petition for petitioners on rehearing. With him on the petition were Roger M. Saydack, Douglas S. Mitchell, and Cass, Scott, Woods & Smith, Eugene.

Ernest Bonyhadi, Portland, filed petition for rehearing for amicus curiae Dow Jones & Company, Inc. With him on the petition were Charles F. Hinkle, and Stoel, Rives, Boley, Fraser & Wyse, Portland.

Jack L. Orchard, Portland, filed petition for rehearing for amicus curiae Oregon Newspaper Publishers Association. With him on the petition were Ball, Janik & Novack, Portland.

PER CURIAM

## PER CURIAM

Defendants have petitioned for rehearing. Although we deny rehearing, we address one of the defendants' assertions.

In their petition for rehearing the defendants reassert, among other things, that the plaintiffs are public figures. The defendants also state that it is unclear from our opinion "whether a bank can ever be a public figure, even given a full evidentiary record at trial."

This case is before us on defendants' motions for summary judgment. Defendants assert that the plaintiffs, as a matter of law, are public figures. We have held that the plaintiffs are not, as a matter of law, public figures. On remand, the defendants are not foreclosed from attempting to establish that one or both plaintiffs are public figures.[1]

Rehearing denied.

Campbell, J., and Lent, J., agree that rehearing be denied, but do not join in the second and third paragraphs of this opinion. Roberts, J., would allow rehearing, but joins in the second and third paragraphs of this opinion.

---

[1] This court has never decided whether it is for the court or jury to decide whether a plaintiff is a public figure. In *Wheeler v. Green*, 286 Or 99, 111, 593 P2d 777, (1979), we stated:

"Defendants contend that the trial court erred in submitting to the jury the question whether plaintiff is a public figure. They are correct in their argument that when the facts are not in dispute this is a question for the court. In *Roseblatt v. Baer, supra,* 383 US 75, 88, 86 S Ct 669, 15 L ed 2d 597 (1966), the United States Supreme Court held that whether plaintiff was a public official was a question for the court. This is consistent with the general rule that the court, not the jury, determines whether a defamatory statement was made on a privileged occasion. *See, generally,* 1 Harper and James, Torts, 466-67 (1956); Prosser, Torts, 796 (4th ed 1971). Because of our disposition of the merits of the issue, the trial court's submission of the question to the jury could not have prejudiced defendants."